**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| HENRY T. BANNISTER, #295482, )<br>)<br>) CIVIL ACTION NO. 3:08-2402-GRA-JRM<br>Petitioner,    )<br>)<br>v.              )    **REPORT AND RECOMMENDATION**<br>)<br>STATE OF SOUTH CAROLINA,    )<br>WARDEN EVANS                  )<br>CORRECTIONAL INSTITUTION, )<br>)<br>Respondents. )<br>_____) | |

Petitioner, Henry T. Bannister ("Bannister"), is an inmate with the South Carolina Department of Corrections serving a sentence of six (6) years imprisonment concurrent for three (3) separate drug indictments.[1] Bannister filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 2, 2008. Respondents filed a return and motion for summary judgment on December 17, 2008. Because Bannister is *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on December 18, 2008 explaining to him his responsibility to respond to the motion for summary judgment. Bannister filed his response on February 25, 2009.

**Background and Procedural History**

Pursuant to a negotiated plea agreement, Bannister entered a guilty plea to three (3) drug

---

[1] Bannister was indicted by the Grand Jury for distributing crack cocaine on September 4, 2002. He waived Grand Jury presentment on two other incidents: possession with intent to distribute marijuana and possession of crack cocaine, both offenses alleged to have occurred on April 19, 2003. (Res.Mem., Ex. 9).

1

charges on August 13, 2003 in Spartanburg County. (Res.Mem., Ex. 9). He was represented by Katheryn Gooch, Esquire. (App. 1).[2] No direct appeal was filed.

Bannister filed his PCR on June 4, 2004. (App. 14). An evidentiary hearing was held on September 21, 2005. Bannister was represented by David M. Collins, Jr., Esquire. Bannister and Ms. Gooch testified. (App. 28). The PCR court issued an order of dismissal filed June 5, 2006. (App. 70). A Johnson[3] petition for writ of certiorari was filed on Bannister's behalf by the South Carolina Commission on Indigent Defense raising the following issue:

> Whether petitioner's guilty plea was involuntary due to ineffective assistance of counsel?

In the Johnson petition, Bannister asserted that his attorney failed to advise him (1) that the charges (i.e., sentences) could be enhanced because he had prior drug convictions; (2) that he had not been indicted on two of the offenses; and (3) that his attorney failed to challenge the chain of custody of the drug evidence. (*Id.*) The South Carolina Supreme Court advised Bannister of his right to file a *pro se* brief on December 15, 2006. (Res.Mem., Ex. 3). Bannister filed a lengthy brief on February 5, 2007. (Res.Mem., Ex. 6). In that brief he sought the Supreme Court's "assistance in obtaining some 'exculpatory material' from a former court appointed PCR counsel whom (sic) refuses to release said material." This exculpatory material appears to be a Supplemental Motion to his PCR application which is not a part of the record before this Court. (*Id*). On December 19, 2007 the Supreme Court transferred the appeal to the South Carolina

---

[2]Exhibit 1 to Respondents' memorandum is the appendix prepared in connection with the appeal from denial of Bannister's application for post-conviction relief ("PCR"). It is referenced herein as "App. __".

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1988); see also Anders v. California, 386 U.S. 738 (1967).

Court of Appeals. (Res.Mem., Ex. 6). The petition was denied on May 27, 2008. (Res.Mem., Ex. 7). The Remittitur was returned on June 12, 2008. (Res.Mem., Ex. 8).

## Grounds for Relief

In his present petition Bannister asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**     Involuntariness of guilty plea/due to ineffective assistance of counsel;

**Ground Two:**     Ineffective Assistance of PCR Counsel;

**Ground Three:**   Ineffective Assistance of Court Appointed Appellate Defender;

**Ground Four:**    Appellate Defender's intentional denial of due process and equal protection of the law, in review of Appellate Proceeding.

## Discussion

Since Bannister filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See

3

Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

**1. Ineffective Assistance of Trial Counsel**

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the

4

defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the AEDPA, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

An attorney has a duty to make a reasonable factual and legal investigation to develop

appropriate defenses. Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982). The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time. Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992). The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998). A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas. Strickland, 466 U.S. 690-91. A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.

Bannister's "statement of facts" on page 6 of his attachment to his petition does not clearly define his claim. He refers to the aforementioned Supplemental Motion with respect to his PCR application, to his PCR testimony, and to his *pro se* brief. Review of the attachments to Bannister's Roseboro response (and to his petition) shows that the voluminous and repetitive record in this case relates to Bannister's attempts to have material considered which was not introduced at the PCR hearing.

As noted above, the PCR hearing was held on September 21, 2005. Bannister testified that he did not see the Rule 5 discovery until after he pled guilty.[4] He learned from that material that the State could not prove one of the cases (i.e., "the distribution of crack cocaine charge") because there

---

[4]This was contradicted by his trial attorney who testified that she was given the Solicitor's files and went over all the cases with Bannister in detail.

6

were no "physical drugs" and the chain of custody was incomplete. (App. 41). (*See* discussion below). He further testified that he had sent Freedom of Information Act ("FOIA") to SLED for records pertaining to the case, but had not heard back from them. (*Id.*) The PCR case was taken under advisement.

The documents submitted by Bannister to this Court show the following occurred after the evidentiary hearing and before the PCR court issued its order of dismissal:

1.      Bannister sent a copy of his Supplemental Motion to Support Application for Post-Conviction Relief on February ____, 2006 to the Spartanburg County Clerk of Court with copies to counsel.

2.      By letter of April 3, 2006, Mr. Collins (PCR counsel) acknowledged receipt of the Supplemental Motion.

3.      By letter of May 7, 2006, Bannister advised Mr. Collins that he wished to have his Supplemental Motion considered by the PCR court.

The PCR court issued the order of dismissal on June 5, 2006, without considering Bannister's *pro se* Supplemental Motion. Bannister continued his efforts to have his Supplemental Motion considered on appeal and to gather additional information for submission to the court:

1.      On December 8, 2006, Bannister sent FOIA requests to SLED and the Spartanburg County Sheriff's Department.

2.      In late 2006 or early 2007, Bannister contacted the South Carolina Supreme Court regarding the record on appeal. On January 8, 2007, the Clerk of the Supreme Court forwarded Bannister's correspondence to his PCR appellate counsel, advising that if "these document were part of the lower court record in this PCR case, I am sure that you will want to assist him in obtaining these documents" and noting that the South Carolina Appellate Court Rules require the Appendix to

"contain...[t]he entire lower court record." On January 17, 2007, counsel responded that "(n)one of the documents requested by Mr. Bannister were introduced into evidence at his PCR hearing and should not be considered as part of the lower court record in this PCR case."

3.      SLED and the Spartanburg County Sheriff's Department responded to Bannister's FOIA requests in January of 2007. A Sheriff's Department Incident Report shows that a controlled purchase of forty (40) dollars of crack cocaine was made from Bannister on September 4, 2002, and that the SLED agent assisting maintained control of the evidence. The SLED FOIA response indicated that no information was found in its data base under Bannister's name for Spartanburg County.

4.      After the Appendix and the Johnson petition were filed, Bannister filed his *pro se* brief on February 5, 2007, which contained copies of the FOIA responses from SLED and the Sheriff's Department.

(Res.Mem., Ex. 6).

### a. Enhanced Sentences

Bannister asserts that trial counsel was ineffective because she failed to advise him that he could receive enhanced sentences. At the PCR hearing, Bannister testified that his attorney did not discuss the significance of prior offenses with respect to potential sentences, but only that he was facing a thirty (30) year sentence. At the plea he learned that the trial court was using the two unindicted charges to enhance the indicted charge, i.e., distribution of crack cocaine. (App. 38-39).

The PCR court found that trial counsel's testimony that she discussed sentence enhancement based on prior drug offenses (not the unindicted charges) was credible. (App. 57-58).

The record of the plea hearing and the PCR hearing fully supports this conclusion. The plea

8

hearing began with the Solicitor stating the negotiated plea, the State would allow Bannister to plead to the distribution of crack cocaine as a third offense and the unindicted charges as a second offense. Bannister conceded that his attorney had been over the charges and potential penalties with him. (App. 3-5). The court advised Bannister of the maximum penalties. The Solicitor indicated that an NCIC report indicated an unverifiable prior drug conviction in New York and a South Carolina drug offense. (App. 10). The NCIC report was introduced into evidence at the PCR hearing. (App. 57 and 77-97). The PCR court noted that at the hearing Bannister "admitted he had three prior drug convictions." (App. 49 and 74).

### b. Waiver of Indictment

Bannister asserts that his trial attorney was ineffective because she did not discuss his right to Grand Jury indictment on two of his charges. This issue is procedurally barred because it was not addressed by the PCR court. Marlar v. State, 375 S.C. 407, 653 S.E. 2d 266 (2007). Even if properly before this Court, Bannister would not be entitled to relief.

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial. Cole v. Arkansas, 333 U.S. 196 (1948). It does not require a formal arraignment. It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states. Wilson v. Lindler, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994) and U.S. v. Floresca, 38 F.3d 706, 709 n.5 (4th Cir. 1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. Hurtado v. California, 110 U.S. 516, 538 (1884); Wilkerson v. Whitley, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and Minner v. Kerby, 30 F.3d 1311, 1317-18 (10th Cir. 1994). Under South Carolina law, "(t)he indictment is a notice document."

9

State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (S.C. 2005) (drawing a distinction between sufficiency of indictment and subject matter jurisdiction).

Bannister asserts that counsel was ineffective for not discussing a state procedural requirement with him. However, the transcript clearly shows that the trial judge advised Bannister of his right to grand jury presentment and that he voluntarily waived his right. (App. 8).

### c. Chain of Custody

Bannister contends that his trial attorney was ineffective because she did not investigate and advise him that the State could not prove the case against him for distribution of crack cocaine because it could not establish a chain of custody for the drugs. This issue was addressed by the PCR court.[5]

Bannister testified at the PCR hearing that his post-conviction review of the discovery material showed that the State could not have established the chain of custody of the crack cocaine relevant to this distribution charge, and therefore, ti would have been inadmissible. He indicated he was seeking records from SLED. (App. 40-41). Trial counsel testified that she had complete access to the Solicitor's files and completely reviewed those with Bannister, including drug analysis reports, prior to trial. (App. 52). On cross-examination counsel testified "there would have been no gaping

---

[5]Under South Carolina procedure, "a party offering into evidence fungible items such as drugs...must establish a complete chain of custody as far as practicable. Benton v. Pellum, 232 S.C. 26, 33, 100 S.E.2d 534, 537 (1957). Where an analyzed substance that has passed through several hands, the identity of individuals who acquired the evidence and what was done with the evidence between the taking and the analysis must not be left to conjecture. Id. at 33-34, 100 S.E.2d at 537. Accordingly, if the identity of each person handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion by the trial court is shown in admitting the evidence absent proof of tampering, bad faith, or ill-motive. State v. Taylor, 360 S.C. 18, 25, 598 S.E.2d 735, 738 (Ct.App.2004)." State v. Sweet, 374 S.C. 1, 647 S.E.2d 202 (2007).

hole in the file to indicate to me that this was a missing piece that would be essential at trial." (App. 62). At the conclusion of the PCR hearing the Court observed "I don't know that the Rule 5 [discovery] is going to have all the custodial - or the chain of custody information in it." (App. 67). Ultimately, the PCR court concluded that Bannister had failed to produce evidence to show that the chain of custody could not have been proven and that his allegations were speculative. (App. 74-75).

As discussed above, Bannister continued to pursue his chain of custody argument through the appeal from denial of his PCR and in this Court. However, the records he has now produced were not presented to the PCR court and should not be considered by this Court.

### 2. Ineffective Assistance of PCR Counsel

Bannister's final three claims assert that his PCR counsel and his PCR counsel were ineffective. These claims generally relate to Bannister's ongoing efforts to supplement the record after his PCR hearing discussed above.

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel at trial and on direct appeal. Pennsylvania v. Finley, 481 U.S. 551, 559 (1987). The Sixth Amendment does not create a right to counsel in a state PCR proceeding nor on any appeal from the denial of a PCR application. Coleman v. Thompson, 401 U.S. 722, 752 (1991). Consequently, a petitioner in this court cannot claim that his PCR counsel or his counsel on appeal from the denial of his PCR was ineffective. Wise v. Williams, 982 F.2d 142, 144 (4th Cir. 1992). Further, a state's decision to appoint counsel for prisoners who file PCR applications and for a subsequent appeal does not implicate the Fourteenth Amendment. Smith v. Angelone, 111 F.3d 1126 (4th Cir. 1997). Petitioner does not argue that a review of his claims is necessary to correct a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 495-96 (1988) and Wise v. Williams at 145. Therefore,

petitioner's claim that his attorneys were ineffective in representation on his state PCR does not entitle him to relief [or constitute cause for procedural default]. "The ineffectiveness...of counsel during...State collateral post-conviction proceedings shall not be a ground for a relief in a proceeding under section 2254." 28 U.S.C. § 2254(i).

### Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted** and the petition **dismissed** without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

June 5, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).