# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| HENRY T. BANNISTER, #295482, ) | |
| ) | |
| ) | CIVIL ACTION NO. 3:08-2402-GRA |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | **(Written Opinion)** |
| STATE OF SOUTH CAROLINA, ) | |
| WARDEN EVANS ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on June 5, 2009. Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254. Respondents filed a motion on summary judgment on December 17, 2008. Following issuance of a *Roseboro* Order, the magistrate recommended that Respondents' motion for summary judgment be granted and the petition dismissed without an evidentiary hearing.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*,

454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

## Discussion

The Court first reiterates that it may only consider specific objections to the Report and Recommendation. Petitioner's objections are voluminous, yet the Court finds many of these objections merely reference the magistrate's Report and Recommendation and do not specifically point to errors in the magistrate's proposed findings. These objections are cursory and simply restate Petitioner's initial argument. To the extent Petitioner raises cognizable and specific objections to the magistrate's Report and Recommendation, those objections are addressed below.

Petitioner makes several objections to the magistrate's finding that Petitioner is attempting to have material considered which was not introduced at his Post Conviction Relief ("PCR") hearing. Specifically, the magistrate found Petitioner included numerous documents in a *pro se* Supplemental Motion filed after his PCR hearing on September 21, 2005. Petitioner offers no showing that any of this material was introduced at his PCR hearing. Thus, this material is not properly before this Court and will not be considered. *See Reed v. Ross*, 468 U.S. 1, 10-11 (1984) (holding that federal courts will honor procedural bars in state courts); *Anderson v. State*, 535 S.E.2d 649, 650 (S.C. 2000) (holding that the entire record includes evidence *presented at the PCR hearing*).

Petitioner also objects to the magistrate's finding that because 28 U.S.C. § 2254(I) does not recognize ineffectiveness of counsel during a state's collateral post-conviction proceeding, Petitioner was not entitled to relief on his claims of ineffective

assistance of PCR counsel. Petitioner specifically objects to the magistrate's holding that Petitioner never argued that a review of his claims was necessary to correct a "fundamental miscarriage of justice."

This Court agrees with the magistrate's findings. The Sixth Amendment does not create a right to counsel in a state PCR proceeding nor on any appeal from the denial of a PCR application. *Coleman v. Thompson*, 401 U.S. 722, 752 (1991). Accordingly, Petitioner cannot claim that his PCR counsel or his counsel on appeal from the denial of his PCR was ineffective. *See Wise v. Williams*, 982 F.2d 142, 144 (4th Cir. 1992). Petitioner now attempts to argue anew in his objections that a review of his claims is necessary to correct a fundamental miscarriage of justice. This argument, even if properly before this Court, is without merit. *See Murray v. Carrier*, 477 U.S. 478, 495 (1988) ("We think that *in an extraordinary case*, where a constitutional *violation has probably resulted in the conviction of one who is actually innocent*, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.") (emphasis added). Therefore, for the reasons stated above, Petitioner's objections regarding ineffective assistance of his PCR counsel are without merit and overruled.

## **Conclusion**

After reviewing the record, the objections, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in

its entirety.

Based on the foregoing, the Respondents' Motion for Summary Judgment is GRANTED, and the Petitioner's claims are DISMISSED, with prejudice.

IT IS SO ORDERED.

                                        G. ROSS ANDERSON, JR.
                                        UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
August  21 , 2009

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.